**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RICHARD MALATESTA,**

                **Plaintiff,**             **1:07-cv-1219**
                                                                     **(GLS)**

           **v.**

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

                **Defendant.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Tobin, Dempf Law Firm                ROBERT C. DEMPF, ESQ.
33 Elk Street
Albany, NY 12207

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN        SIXTINA FERNANDEZ
United States Attorney                 Special Assistant U.S. Attorney
445 Broadway
James T. Foley U.S. Courthouse
Albany, NY 12207-2924

MARY ANN SLOAN
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe**
**District Court Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Plaintiff Richard Malatesta challenges the Commissioner of Social Security's denial of disability insurance benefits (DIB) and seeks judicial review under 42 U.S.C. § 405(g).  (*See* Compl., Dkt. No. 1.)  After reviewing the administrative record and carefully considering the arguments, the court affirms the Commissioner's decision and dismisses Malatesta's complaint.

## II. Background

Malatesta, who was born on April 26, 1964, began receiving adult child disability benefits in April 1982.  (Tr.[1] at 10.)  After evaluating Malatesta's gross earnings for the years 1999 through 2002, the Commissioner informed him by a letter dated September 17, 2002, that his disability ended in March 2000 due to his engagement in substantial gainful activity, and that he was not entitled to benefits as of June 2000.  (Tr. at 66-68.)

On November 14, 2002, Malatesta filed a request for reconsideration of the Commissioner's decision to cease his benefits.  (Tr. at 77.)  Upon

---

[1] "(Tr. )" refers to the page of the Administrative Transcript in this case.

2

reconsideration, the Commissioner determined that Malatesta's disability ceased in June 2000, whereby September 2000 became the benefit termination month.  (Tr. at 174, 194-95.)  Malatesta thereafter requested a hearing before an Administrative Law Judge (ALJ), which was held on September 2, 2004.  (Tr. at 19-38.)  On January 28, 2005, the ALJ issued a decision finding that Malatesta's benefits were properly ceased in June 2000 and properly terminated in September 2000.  (Tr. at 10-12.)  The ALJ's decision became the Commissioner's final decision upon the Social Security Administration Appeals Council's denial of review.  (Tr. at 3-6.)

Malatesta commenced the present action by filing a complaint on November 16, 2007, seeking review of the Commissioner's determination.  (Dkt. No. 1.)  The Commissioner filed an answer and a certified copy of the administrative transcript.  (Dkt. Nos. 5, 6.)  Each party, seeking judgment on the pleadings, filed a brief.  (Dkt. Nos. 14, 19.)

### III.  **Contentions**

Malatesta contends that the Commissioner's decision is not supported by substantial evidence because the ALJ did not properly consider, evaluate, and explain the evidence in the record, particularly with regard to his family's ongoing assistance and the special considerations

3

provided by his employer. (*See* Pl. Br. at 6-7, Dkt. No. 14.) In addition, Malatesta contends that his case presents a broad public policy issue that warrants remand. (*See id.* at 3, 7.) The Commissioner counters that substantial evidence supports the ALJ's decision.

## IV. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard and the five-step process used by the Commissioner in evaluating whether a claimant is disabled under the Social Security Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## V. Discussion

A plaintiff seeking disability benefits is disabled under the Act if he can establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). "The burden is on the [plaintiff] to prove that

he is disabled within the meaning of the Act." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983) (citations omitted). A plaintiff who is able to engage in substantial gainful activity is considered "not disabled." 20 C.F.R. § 416.971. Accordingly, "a person's benefits may be discontinued where the [Commissioner] determines ... that the claimant has performed 'substantial gainful activity.'" *Wonica v. Sec'y of Dep't of Health & Human Servs.*, 792 F. Supp. 8, 10 (E.D.N.Y. 1991) (citations omitted). "Substantial gainful activity" is work activity that is both substantial—i.e., "work activity that involves doing significant physical or mental activities"—and gainful—i.e., "work activity that [is done] for pay or profit." 20 C.F.R. § 404.1572(a), (b); *see also Melville v. Apfel*, 198 F.3d 45, 53 (2d Cir. 1999). And "even if the work ... done was not substantial gainful activity, it may show that [the plaintiff was] able to do more work than [he] actually did." 20 C.F.R. § 416.971.

In evaluating the substantialness and gainfulness of the plaintiff's work activity, the Commissioner's "primary consideration will be the earnings [the plaintiff] derive[s] from the work activity," unless the Commissioner has information from the plaintiff, his employer, or others showing that not all of his earnings should be considered. 20 C.F.R. §

5

404.1574(a)(1); *see also* Social Security Ruling (SSR) 83-33, 1983 WL 31255, at *1 (S.S.A. 1983) ("[E]arnings provide[] an objective and feasible measurement of work."). For the period between July 1999 and December 2000, the regulations stipulate that monthly earnings that average more than $700 "ordinarily show that [a plaintiff] ha[s] engaged in substantial gainful activity," 20 C.F.R. § 404.1574(b)(2)(i), whereby "a rebuttable presumption arises that the [plaintiff] is no longer 'disabled' for the purpose of obtaining benefits," *Wonica*, 792 F. Supp. at 10. In order to determine which earnings represent the "actual value of the work" performed, the Commissioner must first ascertain the plaintiff's gross or total earnings, including any payments made in kind in lieu of cash. *See* SSR 83-33, 1983 WL 31255, at *2. The Commissioner must then deduct any subsidized earnings provided by the employer and any impairment-related work expenses paid by the employee.[2] *See id.* Work is subsidized "if the true value of [the plaintiff's] work, when compared with the same or similar work done by unimpaired persons, is less than the actual amount of earnings paid." 20 C.F.R. § 404.1574(a)(2); *see also Smith v. Chater*, 73 F.3d 370,

---

[2]However, standard payroll deductions such as withholding taxes, insurance premiums, and pension payments are not deductible "because they are attributable to a person's work activity." SSR 83-33, 1983 WL 31255, at *2.

6

1995 WL 766303, at *4 (9th Cir. 1995) (unpublished) ("Any salary not attributable to the worker's productivity may be considered an employer subsidy and is not included in the [substantial gainful activity] analysis." (citations omitted)).  The remaining amount represents the actual value of work performed and is therefore referred to as "countable earnings."  *See* SSR 83-33, 1983 WL 31255, at *2.

Here, Malatesta disputes the ALJ's finding that he did not receive a subsidy from his employer.  (*See* Pl. Br. at 6, Dkt. No. 14.)  However, the record evidence Malatesta relies on in substantiating his subsidy claim is neither conclusive nor sufficiently persuasive.  Although he testified at his hearing that he told his employer that he was disabled and needed medication, Malatesta also stated that he "ha[d]n't really discussed it with them too much."  (Tr. at 32.)  Furthermore, Malatesta did not testify to needing or receiving close supervision or assistance in performing his work.  Rather, it appears that Malatesta was expected to perform at the same level as other employees, particularly since he was repeatedly cited for his late attendance.  (Tr. 32-33.)  Moreover, Malatesta's employer submitted a Work Activity Questionnaire in which he stated that he considered Malatesta's work to be "fully worth the amount paid."  (Tr. at

7

55.) And while Malatesta noted in his Work Activity Report that he worked irregular or fewer hours and received special help from other employees in doing his job and remembering his duties, (Tr. at 42-43), the record is devoid of any proof from which even an inference could be drawn that the value of the work performed by Malatesta was less than the amount of earnings he received.[3]  Lastly, the fact that Malatesta's mother would call him in the morning to make sure that he was awake and going to work is at best tangential to the issue of actual earnings.

Therefore, substantial evidence supports the ALJ's conclusion that Malatesta did not receive a subsidy from his employer.  Accordingly, because the ALJ correctly found that Malatesta engaged in substantial gainful activity from January to June 2000 by, inter alia, earning a net monthly average of $724, (Tr. at 11-12), the court affirms the Commissioner's decision to terminate Malatesta's receipt of benefits in September 2000, and rejects Malatesta's additional policy arguments.

## VI.  Conclusion

---

[3] The court is somewhat unsure about how to evaluate Malatesta's conclusory assertion in his Work Activity Report that he "got different pay."  (Tr. at 43.)  The record provides no further corroboration or explanation.  Regardless, as this assertion could be subject to several interpretations, including that Malatesta actually received a lower hourly wage based on his abilities or received a wage that was different in nature, the ALJ was well within his discretion to weigh and treat this assertion as he deemed appropriate and consistent with the record.

After careful review of the record, the court finds that the remainder of the ALJ's decision is supported by substantial evidence.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Malatesta's complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 15, 2010
Albany, New York

*/s/ Gary L. Sharpe*
United States District Court Judge